UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| RONNIE WHERRY JR., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-545-HE |
| D. GUNTER et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Ronnie Wherry Jr., a state prisoner appearing pro se and proceeding *in forma pauperis*, has initiated the present action under 42 U.S.C. § 1983, alleging violation of his rights under the Fourteenth Amendment to the United States Constitution. *See* Compl. (Doc. No. 1). United States District Judge Joe Heaton has referred this matter to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. The undersigned has reviewed the Complaint and recommends dismissal without prejudice for the reasons outlined below.

*I. Standard of Review*

The Court is obligated to conduct an initial review of Plaintiff's Complaint and dismiss the pleading, or any portion thereof, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) (governing *in forma pauperis* actions and requiring dismissal under these grounds "at any time"); 42 U.S.C. § 1997e(c)(1) (governing prisoners' § 1983 actions challenging prison conditions and

requiring dismissal "if the court is satisfied" that any of these grounds exist); Doc. No. 7 (order granting Plaintiff leave to proceed *in forma pauperis*).

A district court may sua sponte dismiss a pro se complaint for failure to state a claim upon which relief may be granted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and amendment of the pleading would be futile. *McKinney v. State of Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991); *see Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

II. *Plaintiff's Factual Allegations and Legal Claims*

Plaintiff is a California state prisoner incarcerated at North Fork Correctional Facility ("NFCF"), a private prison in Sayre, Oklahoma. Compl. ¶ 3. Plaintiff asserts § 1983 claims against two Defendants in their individual and official capacities: D. Gunter, a correctional officer at NFCF; and NFCF itself. *Id.* ¶¶ 4-6. Plaintiff provides the following factual allegations in support:

> On June 16, 2014 at approximately 8:30 P.M. during standing count at [NFCF] c/o Gunter and c/o Ruiz who worked in Building Alpha North nightly Inmate Johnson CDC#P44599 and [I] were already standing and had both of our Identification Cards in the cell window when both officer[s] approached the cell door to count us. I was not looking at c/o D.Gunter and in an unprofessional tone of voice and obviously personal issue[s] with herself she told me to "Look at her[."] I responded to her and said, "The title 15 does not say I have to look at you." Then c/o D.Gunter told me to walk to the door. As I walked to the door I was threatened by c/o D.Gunter who verbally said, "I will spray your black[] ass." [A]nd both c/o D.Gunter and c/o Ruiz then called the sgt name Ms. Ruyan from Building Charlie South. I spoke with her and explained to her I was sexually harassed by the comment c/o D.Gunter made about my behind unwantingly. Afterwards I was told by Ms. Runyan to write a 602 Grievance complaint. Later at 10:00 pm count c/o D.[G]unter walked by the cell door and looked inside. As she looked inside of the cell door she said, "Itsy Bitsy Teeny Weeny." A weeny is a word der[]ogatorily to call some[]one a Gay Lesbian or Homosexual punk in prison. Commonly used to say and mean exactly that some[]one is on weeny (meaning he is gay or homosexual[).]

*Id.* ¶ 7. Plaintiff alleges that Defendants' conduct constituted "sexual harassment and gender discrimination" that violated Plaintiff's rights under the Fourteenth Amendment. *Id.* ¶ 10. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. *Id.* ¶¶ 11-18.

### III. Discussion

#### A. Claims Against D. Gunter

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see* 42 U.S.C. § 1983; *Phillips v. Tiona*, 508 F. App'x 737, 750 (10th Cir. 2013) ("We have long assumed that employees of a private prison act under color of state law for purposes of § 1983 suits by inmates . . . .").

3

Plaintiff alleges that Defendant Gunter violated both his due process and equal protection rights on June 16, 2014, by making the two comments described above. *See* Compl. ¶¶ 7, 9-10.

### *1. Due Process*

Although Plaintiff casts his first claim against Defendant Gunter as one for violation of due process, a prisoner's claim of sexual harassment by a correctional officer is more properly considered as a violation of the prisoner's Eighth Amendment right to be free from cruel and unusual punishment. *See Barney v. Pulsipher*, 143 F.3d 1299, 1310-11 (10th Cir. 1998); *Joseph v. Fed. Bureau of Prisons*, No. 00-1208, 2000 WL 1532783, at *1-2 (10th Cir. 2000).

> Prison officials are required to provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). . . .
>
> In order to hold prison officials liable for violating an inmate's right to humane conditions of confinement, two requirements must be met. First, the deprivation alleged must be objectively "sufficiently serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), depriving the inmate of "'the minimal civilized measure of life's necessities,'" *id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, the official must have a "sufficiently culpable state of mind," which in this context means the official must exhibit "deliberate indifference" to a substantial risk of serious harm to an inmate. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 297.

*Barney*, 143 F.3d at 1310 (parallel citations omitted); *see also Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993) ("[A]n inmate has a constitutional right to be secure in [his or] her bodily integrity and free from attack by prison guards.").

Assuming the truth of Plaintiff's recounting of the facts, Defendant Gunter's alleged sexual harassment took place on only one day, and on that day Defendant Gunter made only two allegedly threatening or derogatory comments. First, Defendant Gunter stated to Plaintiff, "I will spray your black[] ass." Compl. ¶ 7. Second, Defendant Gunter looked inside Plaintiff's cell door and said, "Itsy Bitsy Teeny Weeny," a comment allegedly intended to refer to Plaintiff as homosexual. *Id.*

This type of limited commentary by prison guards to prisoners has been found not to be objectively sufficiently serious, when unaccompanied by physical conduct, to give rise to an Eighth Amendment violation. *See, e.g.*, *Cumbey v. Meachum*, 684 F.2d 712, 713-14 (10th Cir. 1982) ("A single comment clearly falls short of the Eighth Amendment's proscriptions."); *Escobar v. Reid*, 668 F. Supp. 2d 1260, 1274, 1295-96 (D. Colo. 2009) (collecting cases); *McLain v. Dussart*, No. 12-cv-2504, 2015 WL 970155, at *6 (D. Colo. Mar. 2, 2015) (collecting cases); *cf. Adkins v. Rodriguez*, 59 F.3d 1034, 1036-38 (10th Cir. 1995) (affirming qualified immunity dismissal based on plaintiff's failure to show that "she had a clearly established right to be free from verbal sexual harassment while an inmate"). The Tenth Circuit in *Barney* noted that acts of "severe verbal sexual harassment and intimidation" alone, in the absence of sexual "assault[]," are insufficient to state an Eighth Amendment claim. *Barney*, 143 F.3d at 1310 n.11. *See also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) ("Although prisoners have a right to be free from sexual abuse, . . . the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (citation omitted)).

5

Because Plaintiff's alleged deprivation is not "sufficiently serious" to establish the objective component of an Eighth Amendment claim, Plaintiff has failed to state a sexual harassment claim under § 1983 on which relief can be granted against Defendant Gunter, and this claim should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

        2. *Equal Protection*

Plaintiff in his Complaint also claims that Defendant Gunter's harassment and gender discrimination violated the Equal Protection Clause of the Fourteenth Amendment. *See* Compl. ¶ 10. To state an equal protection claim, Plaintiff must allege that he has intentionally been treated differently than similarly situated individuals. *See Barney*, 143 F.3d at 1312. Plaintiff must further allege facts plausibly showing that he is a member of a protected class, or that he asserted a fundamental right, or that any distinction in his treatment compared to other prisoners' treatment was not reasonably related to a legitimate penological purpose. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012) ("[The Equal Protection Clause] seeks to ensure . . . that those who appear similarly situated are not treated differently without, at the very least, a rational reason for the difference." (internal quotation marks omitted)); *see also Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006); *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995).

---

[1] Relatedly, Plaintiff's claim for compensatory damages based upon Defendant Gunter's purely verbal conduct fails because claims by prisoners "for mental or emotional injury suffered while in custody" are prohibited "without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e).

Plaintiff's Complaint, excerpted above, contains no facts to establish "above a speculative level" that Plaintiff was intentionally treated differently from others similarly situated to him, and therefore his equal protection claim cannot proceed. *See* Compl. ¶ 7; *Twombly*, 550 U.S. at 555; *Barney*, 143 F.3d at 1312. "[Plaintiff's] allegations are merely conclusory in that they do not allege the factual basis for an equal protection claim, and even pro se litigants must do more than make mere conclusory statements regarding constitutional claims." *Brown*, 63 F.3d at 972. Even assuming the truth of Plaintiff's allegations regarding events at NFCF on June 16, 2014, such allegations do not plausibly suggest that Plaintiff has been treated differently from others who are similar "in every relevant respect." *See Templeman v. Gunter*, 16 F.3d 367, 371 (10th Cir. 1994); Compl. ¶ 7. Plaintiff therefore fails to state a cognizable equal protection claim against Defendant Gunter, and this claim should be dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Claims Against North Fork Correctional Facility

"North Fork Correctional Facility" is the name assigned to a medium-security correctional center in Sayre, Oklahoma. Compl. ¶ 5; Corr. Corp. of Am., *North Fork Correctional Facility*, https://www.cca.com/facilities/north-fork-correctional-facility (last visited Oct. 30, 2015). NFCF is not itself a corporation or independent legal entity but an operation of Corrections Corporations of America, Inc. ("CCA"), a publicly traded corporation headquartered in Nashville, Tennessee. *See* Corr. Corp. of Am., *Who We Are*, https://www.cca.com/who-we-are (last visited Oct. 30, 2015).

Pursuant to Federal Rule of Civil Procedure 17(b), the capacity to sue or be sued by a party such as Defendant NFCF is determined "by the law of the state where the court is located"—i.e., by the law of the State of Oklahoma. Fed. R. Civ. P. 17(b)(3). Under Oklahoma law, because Defendant NFCF is not a "person, corporation, partnership, or unincorporated association," it lacks capacity to be sued in this action. *See* Okla. Stat. tit. 12, § 2017(B); Fed. R. Civ. P. 17(b)(3); *see, e.g.*, *Shupe v. Corr. Corp. of Am. (CCA)*, No. CIV-08-224-HE, 2008 WL 4681581, at *1 & n.2 (W.D. Okla. Oct. 21, 2008) (dismissing § 1983 claims against NFCF because NFCF "is not a suable entity because it lacks a legal identity apart from CCA"); *accord Jarrell v. Cimarron Corr. Facility*, No. CIV-98-1401-WEA (W.D. Okla. Feb. 23, 2000) (order); *cf. Lindsey v. Thomson*, 275 F. App'x 744, 747 (10th Cir. 2007) (dismissing police and sheriff's departments as "not legally suable entities"); *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *1 n.3 (10th Cir. 2000) (dismissing claims against county jail "because a detention facility is not a person or legally created entity capable of being sued").

Even if Plaintiff's allegations of "sexual harassment and gender discrimination" were adequate to state a claim under 42 U.S.C. § 1983, the Complaint fails to state a plausible claim for relief against Defendant NFCF as that Defendant lacks the capacity to be sued under federal rule and Oklahoma statute. *See* Compl. ¶ 10. All claims against Defendant NFCF therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Accordingly, the undersigned recommends that Plaintiff's Complaint (Doc. No. 1) be dismissed without prejudice in its entirety for failure to state a claim on which relief may be granted. A dismissal on this basis counts as a prior-occasion "strike" for purposes of 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (g).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 15, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 24th day of November, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE